FRANK CAPASSO, t/a CAPASSO BROS., AND ROBERT LAU-
DATI, PLAINTIFFS-RESPONDENTS, v. L. PUCILLO &
SONS, INC. AND THE TOWN OF BELLEVILLE, DEFEND-
ANTS-APPELLANTS.

RICHARD W. DILL AND JAMES PETROZELLO CO., INC., A
NEW JERSEY CORPORATION, PLAINTIFFS-RESPON-
DENTS, v. TOWN OF BELLEVILLE AND THE BOARD
OF COMMISSIONERS OF THE TOWN OF BELLEVILLE
AND L. PUCILLO & SONS, INC., DEFENDANTS-APPEL-
LANTS.

Superior Court of New Jersey
Appellate Division

Argued June 4, 1974—Decided June 28, 1974.

474

Before Judges KOLOVSKY, FRITZ and CRANE.

*Mr. Mark D. Larner* argued the cause for appellants (*Messrs. Budd, Larner, Kent, Gross & Picillo,* attorneys for appellant L. Pucillo & Sons, Inc.; *Mr. John R. Scott,* attorney for appellant Town of Belleville).

*Mr. David Samson* argued the cause for respondents (*Messrs. Lieb, Wolff & Samson,* attorneys).

PER CURIAM. The judgment is affirmed substantially for the reasons set forth by Judge Kimmelman in his opinion, to which we add the following comments.

There is no merit to defendants' contention that the Legislature, by enacting the Local Public Contracts Law, *L.* 1971, c. 198; *N. J. S. A.* 40A:11-1 *et seq.,* impliedly repealed *N. J. S. A.* 40:66-4 which provides in pertinent part that:

> The governing body [of a municipality] may * * * contract with any person for * * * the collection, removal and disposal of ashes, garbage, refuse and waste matter or any portion thereof. Before making any such contract or contracts the governing body shall first adopt specifications for the doing of the work in a sanitary and inoffensive manner, and any such contract or contracts the amount of which exceeds $2,500.00 shall be entered into and made only after bids shall have been advertised therefor, and awarded in the manner provided in chapter 50 of this Title (§ 40:50-1 *et seq.*).

As the court said in *Henninger v. Bergen Cty. Bd. of Chosen Freeholders,* 3 *N. J.* 68 (1949):

> * * * Repeals by implication are not favored in the law. In the absence of an express repealer indication of an intention of the

Legislature to repeal a prior act must be clear and compelling. There is a strong presumption against such an intention. [at 71]

Further, the fact that Local Public Contracts Law, while expressly repealing in N. J. S. A. 40A:11–38 a number of pre-existing statutes relating to public contracts, did not include N. J. S. A. 40:66–4 among the sections so repealed is cogent evidence that there was no legislative intent to repeal it by implication. *Swede v. Clifton,* 22 N. J. 303, 317 (1956).

We find without substance defendants' contention that the fact that N. J. S. A. 40:50–1 to 40:50–5 and 40:50–7, which are referred to in N. J. S. A. 40:66–4, were expressly repealed by the Local Public Contracts Law, see N. J. S. A. 40A:11–38, somehow affects the continued viability of N. J. S. A. 40:66–4. The Local Public Contracts Law is a revision embodying and corresponding in substance with the provisions of the former law. It repeats in its pertinent aspects what had theretofore appeared in the repealed sections of Article 50 of *Title* 40, thus calling for application of N. J. S. A. 1:1–3.3 which provides:

Any reference in any statute to any other statute, which is revised by a revision law, shall, after the effective date of such revision law, be construed to be a reference to the section or sections, if any, of the revision law corresponding in substance to, or superseding, the section or sections of the statute so revised and so referred to.

In view of the last quoted statute, N. J. S. A. 40:66–4 is to be construed so that its provisions relating to the award of a contract in excess of $2500 for the collection of refuse will read as follows:

* * * any such contract * * * shall be entered into and made only after bids shall have been advertised therefor, and awarded in the manner provided in [the Local Public Contracts Law, N. J. S. A. 40A:11–1 et seq.] * * *.

Finally, as Judge Kimmelman's opinion demonstrates, there is no validity to defendants' argument that the award

of the contract by Belleville to Pucillo without public bidding was authorized by the exception found in *N. J. S. A.* 40A:11–5(1)(h) which reads in pertinent part:

Any * * * contract * * * of the character described in [*N. J. S. A.* 40A:11–4 relating to contracts over $2500] may be made, negotiated or awarded without public advertising for bids and bidding therefor if

(1) The subject matter thereof consists of

* * *

(h) The supplying of any product or the rendering of any service by a public utility, which is subject to the jurisdiction of the Board of Public Utility Commissioners, in accordance with tariffs and schedules of charges made, charged or exacted, filed with said board.

The fact that persons or corporations engaged in solid waste collection or disposal are now deemed to be public utilities (see the Solid Waste Utility Control Act of 1970, *N. J. S. A.* 48:13A–1 *et seq.* and *N. J. S. A.* 48:2–13), subject to the jurisdiction of the Board of Public Utility Commissioners, is not dispositive. The statutory exception applies to services rendered by a public utility only where they are rendered "in accordance with tariffs and schedules of charges made, charged or exacted, filed with said board." Pucillo had not filed a schedule of tariffs and charges with the board, let alone having the schedule approved by the board.

It is evident from the very language of the statutory exception that the contract here involved is not excepted from the bidding requirements of *N. J. S. A.* 40A:11–4 merely because Pucillo is now a public utility subject to the jurisdiction of the Public Utility Commission. Further, a review of the pertinent legislative history of the statutory exception — a history which may "freely" be resorted to ascertain the "true sense and meaning of the language used," *Dept. of Health v. Sol Schnoll Dressed Poultry Co.,* 102 *N. J. Super.* 172, 176 (App. Div. 1968) — demonstrates that the legislative purpose was to limit the application of the exception to cases of services furnished by public utili-

ties where advertising and competitive bidding served no purpose because the charges to be made were controlled by a schedule of tariffs filed with and approved by the Public Utility Commission.

The statutory exception first came into our law in 1957 by the adoption of an amendment (*L.* 1957, *c.* 209) to *N. J. S. A.* 40:50–1. *L.* 1957, *c.* 209 was enacted only after the Legislature had adopted the changes in the bill (Assembly No. 407) recommended in Governor Meyner's conditional veto of that bill. *Veto messages of Governor Robert B. Meyner,* 1957, at 10.

The original bill, which had annexed thereto a statement reading as follows:

The object of this bill is to eliminate the requirement of advertising for bids by municipalities as a prerequisite to contracts with public utilities subject to the jurisdiction of the Board of Public Utility Commissioners. As to such utilities, the possibility of competitive bidding does not generally exist; furthermore, their rates and charges are subject to regulation by the Board of Public Utility Commissioners. Therefore, the requirement of advertising for bids in such cases is meaningless and causes needless formality and expense,

had provided that advertising should not be required

where the contract to be entered into is one with a public utility subject to the jurisdiction of the Board of Public Utility Commissioners of this State.

Had the bill been enacted into law in that form there would be substantial support for defendants' argument in this case. But it was not, the Legislature finding persuasive the following reasons stated by the Governor for the changes recommended by him, which were then incorporated by amendment to read as the statute now appears:

I am advised that the purpose of the sponsors of this bill was to clarify the advertising requirement where the service to be contracted for is the furnishing of electric, gas or similar service by a public utility authorized to furnish such service in the area, because in such case, since the rates charged are filed with the Board of Pub-

lic Utility Commissioners, advertising for bids serves no useful purpose and causes needless expense.

But the amendatory language in the bill would have a scope and effect beyond that intended. It would eliminate the advertising requirement in cases where the articles to be furnished or the service to be rendered are properly the subject of competitive bidding, merely because the contract is entered into with a public utility.

The judgment is affirmed.